UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

SHAJU THOMAS,

           Plaintiff,

vs.

CAVALRY PORTFOLIO SERVICES, LLC

           Defendant.

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

# COMPLAINT

## *INTRODUCTION*

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## *JURISDICTION AND VENUE*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

3. Venue is also proper in that Defendant has an office located at 6400 Main Street, Williamsville, New York and said address is within this federal district.

## *PARTIES*

4. Plaintiff, Shaju Thomas, is a natural person residing in the State of New York.

5. Defendant, Cavalry Portfolio Services, LLC (hereinafter referred to as "Cavalry"), is a corporation organized and existing under the law of the State of New York and is a debt collection agency engaged in the business of collecting consumer debts in this state with its principal place of business located at 6400 Main Street, Williamsville, New York 14221.  The principal purpose of Cavalry is the collection of consumer debts in this state and Cavalry regularly attempts to collect debts alleged to be due another.

6. Defendant, Cavalry, is engaged in the collection of debts from consumers using the mail and telephone.  Defendant, Cavalry, regularly attempts to collect consumer debts alleged to be due another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. All references to "Defendant" herein shall mean the Defendant or an employee(s) or principle(s) of the Defendant.

## *FACTUAL ALLEGATIONS*

8. Within the last year, Defendant, Cavalry, contacted Plaintiff, Shaju Thomas, by calling his home telephone numerous times in an attempt to annoy, harass and badger the Plaintiff.

9. For example, Cavalry called Plaintiff on October 8, 2011 at 12:25 pm, 12:14 pm, 11:48 am, 10:30 am and 9:51 am.  Furthermore, on October 14, 2011 Cavalry called Plaintiff 11:10 am and then immediately called again at 11:31 am.   Defendant also called Plaintiff at 10:49 am and then again at 12:05pm on October 15, 2011.

10. Prior to and during the time the aforementioned harassing calls were made, Plaintiff was represented by counsel. On September 29, 2011, Plaintiff's attorney sent a letter of

representation to Defendant. Even though the Defendant had knowledge of said representation, they continuously called Plaintiff, which is in violation of 15 U.S.C. § 1692c(a)(2).

11. Defendants violated 1692c(a)(2) by directly contacting Plaintiff even though Defendant knew that Plaintiff was being represented by an attorney.

12. Due to the numerous and excessive calls to Plaintiff's telephone, Defendant continually disturbed and disrupted the day-to-day activities of Plaintiff's wife who, at the time, just gave birth to a baby and was responsible for caring for the newborn.

13. Plaintiff's wife, instead of experiencing the quiet and solitude she desperately needed, was forced to endure the continual barrage of telephone calls from the Defendant.

14. As a result of the aforementioned acts outlined above, Plaintiff suffered a great deal of emotional distress, nausea, stress, anxiety and loss of sleep.

### FIRST CLAIM FOR RELIEF

15. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one (1) through fourteen (14) above.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

17. Defendant violated 15 U.S.C. § 1692 by using false representations and deceptive means to collect a debt.

18. Defendant violated 15 U.S.C § 1692e by causing a bombardment of harassing telephone calls to Plaintiff's home telephone.

19. Defendants violated 15 U.S.C § 1692c(a)(2) by directly contacting Plaintiff even though Plaintiff was represented by an attorney.

20. Defendants violated 15 U.S.C § 1692e by deterring Plaintiff from seeking a defense to Defendant's collection actions.

21. Defendants violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the legal status of an alleged debt.

WHEREFORE, Plaintiff, Shaju Thomas, respectfully requests that judgment be entered against Defendant, Cavalry, for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Cost and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Shaju Thomas, demands trial by jury in this action.

Dated: October 24, 2011

/s/ Jason A. Shear
Jason A. Shear, Esq.
Brent & Shear, P.C.
3957 Main Street, Second Floor
Amherst, New York 14226
Phone: (716) 831-1111
Email: jshear@shearlawfirm.com

/s/ Carol A. Brent
Carol A. Brent, Esq.
Brent & Shear, P.C.
3957 Main Street, Second Floor
Amherst, New York 14226
Phone: (716) 831-1111
Email: cbrent@brentandshear.com